RE: ATTORNEY GENERAL OPINION REQUEST REGARDING OSBI CRIMINAL SEARCH FEES
AS YOU ARE AWARE, THE ATTORNEY GENERAL RECEIVED YOUR OPINION REQUEST REGARDING HOW MUCH THE OSBI CAN CHARGE FOR A SEARCH FEE FOR INFORMATION REGARDING POTENTIAL LICENSEES' CRIMINAL RECORDS. YOU ALSO INQUIRED WHETHER, A STATE AGENCY CAN BE CHARGED A SEARCH FEE. THIS MATTER HAS BEEN GIVEN A GREAT DEAL OF CONSIDERATION BY MEMBERS OF THE ATTORNEY GENERAL'S STAFF. THIS ISSUE INVOLVES NOT ONLY THE DICTATES OF THE OPEN RECORDS ACT BUT ALSO IT INVOLVES THE ISSUES OF COMPUTERIZED INFORMATION, THE STORING AND ACCESS TO SUCH INFORMATION AND THE COST OF ITS PRODUCTION.
IN AUGUST OF 1990, THIS OFFICE, THROUGH AN INFORMAL OPINION, ANSWERED A SIMILAR QUESTION TO THE STATE SUPERINTENDENT OF PUBLIC INSTRUCTION. A COPY OF THIS AUGUST OPINION IS ATTACHED FOR YOUR REVIEW. IN ESSENCE, WHAT THE OPINION STATED WAS THAT UNDER THE AUTHORITY OF THE OPEN RECORDS ACT, THE OSBI COULD CHARGE A SEARCH FEE FOR A CRIMINAL/FELONY RECORD CHECK UNDER THE CORRECT CIRCUMSTANCES. THE CIRCUMSTANCES WHICH WERE OUTLINED ARISE FROM THE LANGUAGE IN THE OPEN RECORDS ACT. AT TITLE 51 O.S. 24A.5(3) (1990) SUBSECTION 3, THE OPEN RECORDS ACT PROVIDES:
"HOWEVER, IF THE REQUEST IS:
A. SOLELY FOR COMMERCIAL PURPOSE; OR
 B. CLEARLY WOULD CAUSE AN EXCESSIVE DISRUPTION OF THE PUBLIC BODY'S ESSENTIAL FUNCTIONS;
THE PUBLIC BODY MAY CHARGE A REASONABLE FEE TO RECOVER THE DIRECT COST OF THE DOCUMENT SEARCH.
THE OSBI HAS A STATUTORY REQUIREMENT TO ACT AS A CENTRAL REPOSITORY FOR CRIMINAL RECORDS. TITLE 74 O.S. 150.9(A) STATES: "THE OKLAHOMA STATE BUREAU OF INVESTIGATION SHALL COOPERATE WITH AND ASSIST THE SHERIFFS, CHIEFS OF POLICE AND OTHER LAW ENFORCEMENT OFFICERS IN THE STATE IN ESTABLISHMENT OF A COMPLETE SYSTEM OF CRIMINAL IDENTIFICATION".
IT IS MY UNDERSTANDING AND INFORMATION THAT THE OSBI DOES CHARGE A SEARCH FEE TO STATE AGENCIES NOT DIRECTLY INVOLVED IN LAW ENFORCEMENT. THEIR STATUTORY OBLIGATION IS TO LAW ENFORCEMENT AGENCIES. THE STATISTICS FOR NON-LAW ENFORCEMENT CRIMINAL RECORD SEARCHES, ARE THAT THE OSBI CONDUCTS APPROXIMATELY 1,800 NAME SEARCHES EACH MONTH. THE OSBI RECEIVES NO OTHER ADDITIONAL FUNDS TO CONDUCT SUCH CRIMINAL CHECKS. APPARENTLY, EVEN THOUGH MUCH OF THE INFORMATION IS ORGANIZED AND ASSIMILATED IN THE OSBI'S COMPUTER SYSTEM, IN EVERY RECORD CHECK A MANUAL SEARCH MUST ALSO BE CONDUCTED. IN 1986, THE OSBI SET THE $10.00 SEARCH FEE, WHICH REPRESENTS THE COST OF CONDUCTING A COMPUTER AND MANUAL SEARCH TOGETHER WITH PERSONNEL COSTS AND THE COST OF SUPPLIES.
THE OSBI HAS SEPARATED ITS STATUTORY REQUIREMENT OF SERVING AS THE CENTRAL REPOSITORY FOR LAW ENFORCEMENT RECORDS TO LAW ENFORCEMENT AGENCIES FROM ITS RESPONSIBILITY UNDER THE OPEN RECORDS ACT AND HAS CATEGORIZED MOST NON-LAW ENFORCEMENT CRIMINAL RECORD REQUESTS TO BE FOR COMMERCIAL PURPOSES. FOR INSTANCE, THE COUNCIL ON LAW ENFORCEMENT EDUCATION AND TRAINING (CLEET) IS CHARGED THE SAME $10.00 SEARCH FEE TO CONDUCT CRIMINAL RECORD SEARCHES FOR ALL LICENSING OF SECURITY GUARDS AND PRIVATE INVESTIGATORS. SIMILARLY, OTHER AGENCIES SUCH AS THE OKLAHOMA STATE DEPARTMENT OF EDUCATION, DEPARTMENT OF HUMAN SERVICES, AND OTHER LIKE ENTITIES ARE CHARGED THE $10.00 SEARCH FEE. THE RATIONALE IS THAT THE ULTIMATE GOAL OF THE SECURITY GUARD, PRIVATE INVESTIGATOR, SCHOOL TEACHER OR THE MOTOR VEHICLE DEALER IS A COMMERCIAL PURPOSE. THESE OTHER AGENCIES SUCH AS CLEET PASS THE $10.00 SEARCH FEE ONTO THEIR LICENSEES AND MAKE THE COST A PART OF THE LICENSING FEE.
THEREFORE, IT IS MY OPINION THAT THE OSBI MAY PROPERLY CHARGE A SEARCH FEE TO THE OKLAHOMA DEPARTMENT OF MOTOR VEHICLES FOR THE SEARCH AND ACCESS TO CRIMINAL RECORDS OF ITS LICENSEES FOR THE REASON THAT THE REQUEST IS ULTIMATELY, AND SOLELY, FOR A COMMERCIAL PURPOSE AND THAT THE PROCESSING OF THESE GREAT NUMBERS OF REQUESTS WOULD CLEARLY CAUSE AN EXCESSIVE DISRUPTION OF THE OSBI'S ESSENTIAL FUNCTION.
(RACHEL LAWRENCE-MOR)